IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAR 0 9 2004

Michael N. Milby, Clerk of Court

HERBERT J. ZIEBEN AND H.J.K., INC., §
§
Plaintiffs, §
§
v. § CIVIL ACTION NO. H-03-5328
§
UNITED STATES DEPARTMENT §
OF HOUSING AND URBAN §
DEVELOPMENT, §
§
Defendant. §

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion of the United States of America to

Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Insufficient Service

[of] Process ("HUD's Motion") [Doc. # 5]. Plaintiffs have filed a Response to HUD's

Motion and an Alternative Countermotion to Transfer to Cure Want of Jurisdiction [Doc.

# 8]. Having considered the parties' submissions, all matters of record, and applicable legal

authorities, the Court concludes that HUD's Motion should be **denied** and Plaintiffs'

alternative motion to transfer should be **denied as moot**.

Plaintiffs have sued HUD for breach of an Escrow and Payment Agreement

("Agreement"). Plaintiffs allege that the purpose of the Agreement was for HUD to conduct

an audit to determine the exact amount of a liquidated settlement owed by Zieben to HUD.

The Agreement required Zieben to deposit $1,950,000 into an escrow account until HUD

determined the exact amount owed to it.  The Agreement did not set a deadline for completion of the audit, but required "all parties hereto to exercise prompt due diligence in performing respective required tasks under this Agreement."  HUD began the audit in June 2000.  In April 2003, HUD issued what is called its final audit memorandum, but failed to provide for a final liquidated settlement and instead recommended only that HUD continue to hold the funds in escrow.  Plaintiffs contend that HUD has failed to exercise due diligence to complete the audit and wrongfully continues to hold the entire $1,950,000.00 in escrow. Based on HUD's alleged breach, Plaintiffs seek return of the escrow funds plus attorneys' fees.

HUD seeks dismissal of Plaintiffs' claims for lack of subject matter jurisdiction on the grounds that the United States has not waived sovereign immunity for suits in district courts on breach of contract claims.  In the alternative, HUD seeks dismissal on the grounds that Plaintiffs have not properly served HUD pursuant to Federal Rule of Civil Procedure 4(i).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).  The Tucker Act, 28 U.S.C. §§ 1346, 1491, waives sovereign immunity and defines the limits of federal jurisdiction in actions against the United States for non-tort money damages. *Mitchell*, 463 U.S. at 212.  Section 1346 provides in relevant part:

(a)  The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

\*   \*   \*   \*

(2)  Any other civil action or claim against the United States not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, [except for disputes not here pertinent].

28 U.S.C. § 1346(a).  Section 1491 provides in relevant part:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  Thus, HUD contends that the Tucker Act requires Plaintiffs to bring this breach of contract case seeking monetary relief in excess of $10,000 in the Court of Federal Claims.

Jurisdiction of the Court of Federal Claims is exclusive "only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988).  Where Congress has "'launched [a federal agency] into the commercial world,' and endowed [it] with authority to 'sue and be sued,'" there is no "grave interference with [the agency's] function as a result of suits such as these." *A.L.T. Corp. v. Small Bus. Admin.*, 801 F.2d 1451, 1461 (5th Cir. 1986) (quoting *Federal Housing Admin. v. Burr*, 309 U.S. 242, 245 (1940) and holding that "sue and be sued" statute waives SBA immunity from suit in state

court for deceptive trade practices claim).   Thus, the general rule that contract actions against the federal government are governed by the Tucker Act does not always apply. "[W]here there is an alternative waiver of sovereign immunity and a specific grant of jurisdiction to the district court, the district court will have jurisdiction over the claim." *Flagship Fed. Sav. Bank v. Wall*, 748 F. Supp. 742, 746 (S.D. Cal. 1990); *see A.L.T. Corp.*, 801 F.2d at 1461-62 & n.19.

Plaintiffs argue that 42 U.S.C. § 1404a, constitutes a specific grant of jurisdiction to the district court for certain claims against HUD.  That section provides:

> The Secretary of Housing and Urban Development may sue and be sued only with respect to its functions under the United States Housing Act of 1937, as amended (42 U.S.C. 1437 *et seq.*), and title II of Public Law 671, Seventy-sixth Congress, approved June 28, 1940, as amended (42 U.S.C. 1501 *et seq.*).

42 U.S.C. § 1404a.

The Fifth Circuit held years ago that a statute authorizing HUD to sue and be sued in district courts constitutes a waiver of sovereign immunity as to HUD.  *See Industrial Indemnity, Inc. v. Landrieu*, 615 F.2d 644, 646 (5th Cir. 1980). The crux of the matter is whether the judgment sought would have to be satisfied out of the United States Treasury. *Id.* (holding for a claim to be "against the Secretary, and therefore within the scope of the 'sue and be sued clause' [of the National Housing Act, 12 U.S.C. § 1702], as opposed to a suit against the United States that could not be brought in federal district court, any judgment for the plaintiff must be recoverable out of funds in the possession and control of the Secretary that are severed from Treasury funds and Treasury control."); *see also S.S.*

*Silverblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 36 (2d Cir. 1979) (citing *F.H.A. v. Burr*, 309 U.S. 242, 250 (1940) (same as *Landrieu*); *Jackson Square Assocs. v. United States Dept. of Housing & Urban Dev.*, 797 F. Supp. 242, 246 (W.D.N.Y. 1992) (Curtin, J.) (adopting Second Circuit's reasoning in *Silverblatt* to case brought under 42 U.S.C. § 1404a).

HUD does not dispute that this case (which involves HUD's claims against Plaintiffs that arose out of HUD's role as mortgagee of low-income housing properties) does not relate to HUD's functions under 42 U.S.C. § 1437. It is clear that the funds at issue are not controlled by the United States Treasury, but are funds that originated from Plaintiffs and are in an escrow account in the possession and control of HUD. Therefore, the Court has subject matter jurisdiction over the disputes in this case. HUD's motion to dismiss lacks merit under the narrow circumstances presented.

HUD makes the alternative argument that it has not been properly served with process. By Order entered March 4, 2004 [Doc. # 9], the Court granted Plaintiffs' request for an amendment to the summons issued in this case to clarify that the proper defendant is the Secretary of HUD. The amended summons appears to address the issue HUD raises. The Court grants Plaintiff additional time to properly serve HUD in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. HUD clearly has actual notice of this claim and will not be prejudiced by this extension of time. It is therefore

**ORDERED** that HUD's Motion [Doc. # 5] is **DENIED**. It is further

**ORDERED** that Plaintiff's Alternative Motion for Transfer to Cure Want of Jurisdiction is **DENIED AS MOOT**.  It is further

**ORDERED** that Plaintiffs shall have until **March 31, 2004** to properly serve HUD in accordance with Federal Rule of Civil Procedure 4(i).

SIGNED at Houston, Texas, this _8th_ day of March, 2004 .

NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE